IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

QUOC XUONG LUU,

      Petitioner,                    No. CIV S-09-2732 WBS DAD P

    vs.

D.K. SISTO, et al.,                  ORDER AND

      Respondents.           FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a former state prisoner who is currently on parole. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application requesting leave to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**PETITIONER'S HABEAS PETITION**

        On February 21, 2008, while petitioner was incarcerated at California State Prison - Solano, he was issued a rules violation report for being in possession of a cell phone. (Rules Violation Report, dated Feb. 14, 2008 with log number S1-08-02-0754 (Doc. No. 1 at 51).) On March 14, 2008, a prison disciplinary hearing was conducted and petitioner was found guilty of

1

the rules violation.  (Id. at 52.)  Petitioner was assessed sixty-days loss of behavioral credits and ninety-days loss of yard, dayroom and telephone privileges.

In his pending habeas petition petitioner claims that the prison disciplinary hearing violated his Fifth, Sixth and Fourteenth Amendment rights.  Specifically, he presents four grounds for the granting of habeas relief:  (1) he was denied required "procedural safeguards" when he was not provided an investigative employee and staff assistant in violation of the Fourteenth Amendment, (2) he was denied an "independently diagnosis medical condition without approval of medical doctor(s)" in violation of his due process rights, (3) the "appeal procedure deprive[d] due process of 'time constrain [sic],'" and (4) petitioner's request to call staff witnesses at the hearing was denied in violation of the Fourteenth and Sixth Amendments. (Doc. No. 1 at 21-22.)

Petitioner seeks dismissal and expungement of his prison disciplinary conviction and restoration of the 60-days loss of behavioral credits and 90-days loss of privileges imposed with respect to that conviction.  Although petitioner was released on parole on September 27, 2008, he contends that he should receive 150-days of credit towards his period of parole supervision.  (Doc. No. 1 at 42-43.)

**ANALYSIS**

As indicated above, petitioner filed his petition for a writ of habeas corpus after he was released on parole.  Accordingly, the court must determine whether this action is moot.

"A case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2, of the Constitution.'"  Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)).  A federal habeas petition challenging an underlying criminal conviction is never rendered moot by the petitioner's release from custody when after its filing so long as there are collateral consequences that flow from the criminal conviction.  Id. (citing Chacon v. Wood, 36 F.3d 1459, 1463 (9th Cir. 1994)).  However, "the presumption of collateral consequences does not apply to prison disciplinary proceedings."  Id. at

2

1  480.  In Wilson, the federal habeas petition was filed after the disciplinary action had been either

2  withdrawn or completed.  319 F.3d at 479.  The Ninth Circuit concluded that the petitioner had

3  failed to allege any collateral consequences stemming from his prison disciplinary conviction

4  sufficient to meet the case-or-controversy requirement.  Id. at 481-82..

5         Likewise, here, petitioner filed his federal habeas petition after the prison

6  disciplinary action was completed.   See also Nonnette v. Small, 316 F.3d 872, 875-76 (9th Cir.

7  2002) (holding that a habeas challenge to a loss of good time credits would be rendered moot by

8  one's release from custody where the discipline had no collateral consequences that followed

9  release); Garrett v. Marshall, 2009 WL 3417786, *2 (C.D. Cal. Oct. 20, 2009) (habeas

10  application challenging prison disciplinary conviction and loss of good time found to be rendered

11  moot by petitioner's release on parole); Washington v. Scribner, No. 1:05-cv-01508-AWI-TAG-

12  HC, 2008 WL 2523247, at *2 (E.D. Cal. June 20, 2008) ("[U]pon the expiration of his sentence

13  and Petitioner's subsequent release on parole, any claim regarding the restoration of good-time

14  credits lost at a disciplinary hearing become moot, since that issue has no bearing on the length of

15  Petitioner's term of parole or, indeed, on whether such a term is served without incident or

16  whether Petitioner commits a violation of parole that results in his re-incarceration."); Tsehai v.

17  Schwartz, 2007 WL 1087058, at *1 (E.D. Cal. Apr. 10, 2007) (federal habeas petition

18  challenging a prison disciplinary conviction and forfeiture of time credits found to be rendered

19  moot by petitioner's release on parole).

20         Moreover, it is mere speculation to assume that petitioner would have been

21  released from prison earlier on parole, if not for the challenged prison disciplinary conviction.

22  As the Ninth Circuit reasoned in Wilson, "the decision to grant parole is discretionary" and "'the

23  importance attached to any circumstance . . . is left to the judgment of the [parole] panel.'"

24  Wilson, 319 F.3d at 482 (citing Cal. Code of Regs. tit. 15, § 2402(c)).  Thus, "the likelihood of

25  delayed or denied parole is a type of nonstatutory consequence dependent on discretionary

26  decisions that is insufficient to apply the presumption of collateral consequences." Id. at 481.

1  Norman v. Salazar, No. CV 08-8532-AHM (JEM), 2010 WL 2197541, at *2 (C.D. Cal. Jan. 26,
2  2010) ("Although a disciplinary conviction may not help an inmate who is seeking release on
3  parole, it is only one of a 'myriad of considerations' relevant to a parole decision and does not
4  inevitably affect the length of the prisoner's sentence) (citing Sandin v. Connor, 515 U.S. 472,
5  487 (1995); Gayles v. Sisto, No. CIV S-08-2774 GEB EFB P, 2010 WL 231382, at *2 (E.D. Cal.
6  Jan. 13, 2010) ("[T]he potential use of the 115 in future parole proceedings is too speculative to
7  be considered a collateral consequence . . . ."); James v. Castellaws, No. C 06-07315 CW (PR),
8  2008 WL 4058477, at *1 (N.D. Cal. Aug. 28, 2008) (holding that habeas action challenging
9  disciplinary action and loss of good time credit was moot because the punishment imposed had
10 expired and allegations that the rules violation finding may result in a delay or denial of parole
11 were too speculative to constitute sufficient proof of collateral consequences);

12         In light of his release on parole, the court cannot grant any meaningful relief to
13 petitioner. Therefore, this action should be dismissed as moot.

**CONCLUSION**

15         In accordance with the above, IT IS HEREBY ORDERED that petitioner's
16 October 1, 2009 application for leave to proceed in forma pauperis (Doc. No. 2) is granted.

17         IT IS HEREBY RECOMMENDED that this action be dismissed as moot.

18         These findings and recommendations are submitted to the United States District
19 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
20 one days after being served with these findings and recommendations, petitioner may file written
21 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
22 Findings and Recommendations."  Petitioner is advised that failure to file objections within the
23 /////
24 /////
25 /////
26 /////

1  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED: July 28, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

7  DAD:4
   luu2732.moot